OPINION OF THE COURT
Joseph C. Calabrese, J.
The plaintiff commenced these actions to recover landing fees at Republic Airport in Farmingdale. These six matters were consolidated pursuant to stipulation on the record prior to trial, pursuant to which stipulation the plaintiff withdrew, with prejudice, actions against individual defendants Stanley Blay, David Klein and Robert Oerzen, leaving corporate defendants in those cases. In addition, the parties stipulated to landings sufficient to total certain amounts, to wit, Blaze Aviation Corp., $165, Maurice Spiegel, $1,075, Robert F. Max-ant, $417.50, Beamers Flying Club Inc., $735 and L.O.K. Aviation Corp., $1,037.50. With respect to defendant Sheldon Milner, doing business as Dynamic Realty, the parties entered into a stipulation with respect to landings equaling $167.50, disputing the balance of $150.
At the close of trial the defendant made eight motions to dismiss: the first motion for failure of the plaintiff to prove *138 prima facie case; the second that the plaintiff herein was not the proper party plaintiff and, therefore, the actions should be dismissed; third, that the Department of Transportation was not the legal owner of Republic Airport and, therefore, the action should be dismissed; fourth, that the action of imposing said landing fees at Republic Airport with respect to the Metropolitan Transportation Authority (M.T.A.) was ultra vires and, therefore, the landing fees were not proper and, therefore, the action should be dismissed; fifth, that there was no privity of contract between the defendants and the M.T.A.; sixth, that the landing fees were discriminatory, in that other airports allegedly similarly situated did not have such landing fees; seventh, that the statute does not permit the M.T.A. to appoint agents — only contractors and people in like categories; and eighth, that the landing fees are a violation of the defendants’ constitutional rights to travel.
Oral argument was had with respect to the motions on the record and the court requested trial briefs, which were submitted. The motions made at the end of the case by the defendants to dismiss were duplicative. The defendants, in submitting their memorandum of law, raised three points in connection therewith.
First, the defendants contend that the legislative enactment creating the Metropolitan Transportation Authority did not provide the M.T.A. with authority to control or regulate noncommuter traffic such as that at Republic Airport. Public Authorities Law § 1264 (1) provides: "The purposes of the authority shall be the continuance, further development and improvement of commuter transportation and other services related thereto within the metropolitan commuter transportation district, including but not limited to such transportation by railroad, omnibus, marine and air”. Public Authorities Law § 1266 (3) provides in part: "The authority may establish, levy and collect or cause to be established, levied and collected and, in the case of a joint service arrangement, join with others in the establishment, levy and collection of such fares, tolls, rentals, rates, charges and other fees as it may deem necessary, convenient or desirable for the use and operation of any transportation facility and related services operated by the authority or by a subsidiary corporation of the authority or under contract, lease or other arrangement, including joint service arrangements, with the authority.”
The defendants have cited City of Rye v Metropolitan Transp. Auth. (58 Misc 2d 932, revd on other grounds 24 NY2d *139 627 [1969]) for the proposition that the M.T.A.’s authority is limited to matters dealing with commuters and that within the meaning of the statute the term "commuter” was used in the sense of one who comes into the city and leaves it regularly by train, omnibus, boat or plane. However, this does not answer the question as to whether or not the Authority had the right under the statute and authority to control Republic Airport. Even if the typical commuter does not come into and leave the city by airplane it must be realized that pursuant to the statute the M.T.A.’s authority extends to air transportation facilities that can be used for commuter purposes (Public Authorities Law § 1266 [3]; § 1261 [14]), which does not restrict the M.T.A. pursuant to the statute to its control of the entire facility, nor to the charging of fees to only those who are using the facility specifically for commuter purposes. (Public Authorities Law § 1264 [1]; § 1261 [8], [14].) In addition, Public Authorities Law § 1263 (4) (b) specifically provides for the M.T.A chairman to establish a committee on operations to assist him in his duties in connection with Republic Airport. The court, therefore, denies defendants’ first contention that the Legislature has not included Republic Airport as a commuter facility within the meaning of Public Authorities Law, article 5, title 11 (Metropolitan Transportation Authority) and denies the defendants’ contention that the plaintiff was not authorized to act as it did.
The second point that was raised by the defendants was that the landing fee currently imposed on the tenants at Republic Airport was legally flawed in both its scope and fee structure and that consequently these fees are not collectible. The defendants’ argument in these regards is that the fee is discriminatory in that no such fee is imposed at Stewart Airport. The court must agree that the point made by counsel for the plaintiff in his brief that the competent evidence was insufficient at the trial regarding the issue of whether or not there were or were not landing fees at Stewart Airport and also with respect to the nature of each of the airports. It appears, however, from what was presented, that Stewart Airport was developed and considered a commercial airport with emphasis on commercial and military aviation and that Republic Airport was considered a general aviation facility used by light aircraft similarly situated to the defendants’ aircraft as well as some commercial and military use. The court, therefore, agrees with the decision of Judge Lawrence Newmark in the case of Metropolitan Transp. Auth. v Massa *140 pequa Flyers Corp. (Dist Ct, Suffolk County, May 26, 1982, index No. HUC11956/81). In that case Judge Newmark found that there was a rational basis for the differentiation of fees between the two airports in that they were in different stages of development and they had different projected purposes.
Thirdly, the defendants contend the M.T.A. has no right to assess the defendants a user fee as there is no privity between the defendants and the M.T.A. This issue is resolved by Public Authorities Law § 1266 (3). The Authority can levy and collect fares, tolls, rentals, rates, charges and other fees for the use and operation of a transportation facility and related services operated under contract or lease with the Authority. The fact that the fixed base operator has leased the facilities from the M.T.A. does not bar the plaintiff from collecting these landing fees. The statutory provision may be deemed incorporated into the lease. (Citing Metropolitan Transp. Auth. v Massapequa Flyers Corp., supra; People v Scott, 26 NY2d 286, 289 [1970].)
Finally, the defendant argues that the landing fees at Republic Airport violate defendant’s "fundamental right to travel”. The right to travel involves only interstate travel and not intrastate travel. (Shapiro v Thompson, 394 US 618 [1969].) The court concludes that there is a compelling State interest to control and regulate mass transportation at aviation facilities, and charge user fees for use of the facilities. Fees are imposed on Republic Airport, and not Stewart Airport, because the airports are located in different areas, are in different stages of development and have different projected purposes.
Based upon the foregoing, therefore, the court would deny each of the eight motions by the defendant for dismissal. With respect to the causes before the court, the court finds pursuant to the stipulation that the fees were due as stipulated to and that in addition the additional $150 due from Sheldon Milner, doing business as Dynamic Realty, are found due. Therefore, the court finds judgment for the plaintiff against Blaze Aviation Corp. in the sum of $165, against Maurice Spiegel in the sum of $1,075, against Robert F. Maxant in the sum of $417.50, against Beamers Flying Club Inc. in the sum of $735, against L.O.K. Aviation Corp. in the sum of $1,037.50 and against Sheldon Milner, doing business as Dynamic Realty, in the sum of $317.50, all with interest from March 31, 1986, with the costs and disbursements of this action.